MERRITT v. MIDDLETON et al.

(Circuit Court of Appeals, Second Circuit. April 19, 1894.)

No. 90.

PATENTS—INVENTION—EYEGLASS HOLDERS.

The Clawson patent, No. 175,821, for an eyeglass holder, consisting of a combination of a hook with a pin, identical with the device shown in the

British patent to Montleart & Tent, No. 1,788, of 1863, when inverted, except that the hook, instead of projecting outwardly, is an "inwardly closing" hook, made as suggested by the snap hook in the Merritt patent, No. 58,867, is void for lack of patentable invention. 55 Fed. 976, affirmed.

This was a suit by Samuel F. Merritt against John D. Middleton and Reuben S. Middleton for alleged infringement of United States letters patent No. 175,821, for improvements in eyeglass holders, issued April 11, 1876, to I. Neal Clawson, and assigned to complainant. The circuit court dismissed the bill (55 Fed. 976). Complainant appealed.

Philip J. O'Reilly, for appellant.
Willis Fowler, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The patentee's device, which is made of a single piece of wire, will be best shown by the following cut, being Fig. 3 of the patent:

His claim is for—

"The inwardly-closing hook, B, bottom bend, C, and bar, E, with the contact point, a, closing the upper space of the bend, in combination with the single laterally-extending open eye, D, and with the coil, F, and pin, G, all constructed and arranged to operate as specified."

In use, the bridge or the handle of a pair of eyeglasses is slipped over the hook, B, and passes down into the bottom bend, C, from which the glasses hang suspended when not in use. The hook has sufficient elasticity (secured in part, as the specification states, by the open eye, D) to admit of the glasses being readily passed between the hook, B, and the bar, E, while there is yet such close contact between the bar and the hook that, once hung in the bend, the glasses will be retained there, unless purposely withdrawn. The spring coil, F, assists in securing this contact, and at the same time gives to the pin, G, an outwardly-projecting tendency, which will facilitate its insertion in the garment to which it is to be fastened. The pin hooks into the open eye, D, as a brooch or safety pin does. The circuit court held the patent void for lack of patentable invention.

In the British patent to Montleart & Tent (No. 1,788, of 1863) there is shown a hook for suspending dresses or parts of dresses, fabrics, curtains, etc., which consists of the combination of a hook

with a pin, constructed somewhat like a brooch pin. One form of this device is here shown:

FIG. I.

And this figure is thus described:

"In the accompanying drawing, Fig. 1 shows the fastening constructed of one piece of metal, brass or iron wire being used for the purpose. The wire is first bent to form the hook, a; it is then curled over vertically, and back to a horizontal direction, to form a rest or catch, b (for the spring pin, c¹), and it is then carried down to a suitable distance, thereby forming a stem, and is curled round at c to insure elasticity for the spring pin, c¹, which is produced by continuing the wire upwards to the rest or catch, b, and pointing it at its extremity. In order to hold a curtain by means of this construction of fastening, the pins, c¹, of any given number of these fastenings, are passed through the fabric in a vertical direction at or near its edge, and the hooks, a, are inserted in the loops of the curtain-rod rings; or, if the rods are of small diameter, the hooks may be hung upon the rods themselves."

The British patentees further state that "by reversing the fastening, and inserting the pin in any fixed fabric, the hook will project, and be ready to receive any light articles which may be suspended therefrom." The most cursory examination of this hook shows that, if reversed, and made of wire of the proper size and finish, it could be used as an eyeglass holder, and that it has the spring coil, the pin, the open eye, the bar, the bottom bend, and the hook of the patent in suit, except that the hook is an outwardly-projecting instead of an inwardly-closing hook, and thus there is no "contact point" provided for closing the upper space of the bend, so as to prevent the eyeglasses from flying out. But the use of a "contact point" to secure that advantage is shown in United States letters patent to Merritt, No. 58,867. His device shows a long hook, bent over upon itself; the straight part, which he calls the "shank," occupying relatively the same position as complainant's bar. Merritt's specification designates this as a "snap-hook; A being the shank, and B the hook; the end of the latter being so bent as to spring against the former, and thus prevent any casual dropping off from the hooks of any article hung thereon." With the Montleart & Tent hook before him, and the necessity apparent of securing the eyeglasses in some way against dropping off the hook, and with the suggestion contained in the Merritt patent that this could be done by springing the end of the hook back upon its shank, it is difficult to understand how the idea of improving it by making the hook "inwardly-closing" instead of "outwardly-projecting" could have failed to occur naturally and spontaneously not only to a skilled mechanic, but to any person of ordinary intelligence.

The decree of the circuit court is affirmed, with costs.